[Cite as *State v. Reynolds*, 2026-Ohio-2718.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                    :

    Plaintiff-Appellee,        :

                                No. 115694

    v.                          :

ERICKA REYNOLDS,                  :

    Defendant-Appellant.       :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART AND VACATED IN PART
**RELEASED AND JOURNALIZED:** July 16, 2026

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-25-701072-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Halie Turigliatti, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Erika Cunliffe, Assistant Public Defender, *for appellant*.

EILEEN T. GALLAGHER, P.J.:

{¶ 1} Defendant-appellant Ericka Reynolds ("Reynolds") appeals the sentence she received for her fourth-degree misdemeanor conviction. She claims the following error:

The trial court's imposition of a community control condition ordering Appellant to resume her studies at Cleveland State University and graduate on schedule, in addition to numerous other sanctions consequent to her conviction for a fourth[-]degree misdemeanor is unreasonable because it is not related to rehabilitation, administering judgment or ensuring good behavior.

{¶ 2} We find that the trial court abused its discretion by requiring Reynolds to reenroll in undergraduate studies at Cleveland State University as a condition of community control when the record indicated that she could not afford the tuition. We, therefore, vacate that condition from the list of community-control sanctions but otherwise affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 3} In April 2025, Reynolds was charged with one count of felonious assault in violation of R.C. 2903.11(A)(2). The single count included a forfeiture specification as well as one- and three-year firearm specifications. The charge resulted from an incident wherein Reynolds fired a single shot from her handgun into the air outside of a bar in Euclid, Ohio. Reynolds maintained that she fired the weapon in self-defense after she was pinned against a car by M.D., a man who had repeatedly threatened her and her family.

{¶ 4} Following Reynolds's arrest, the prosecutor viewed surveillance video of the incident and agreed that the surveillance footage corroborated her self-defense claim. The State nevertheless determined that a criminal charge was still warranted because the surveillance footage showed that Reynolds initiated a verbal altercation with the man who later assaulted her, the man did not use deadly force

or any weapon, and Reynolds initially denied firing the gun but later admitted it after a shell casing and the surveillance video were discovered. As a result, the State amended the charge, and Reynolds pleaded guilty to one count of improper discharge of a firearm, a fourth-degree misdemeanor with no firearm specifications.

{¶ 5} Following the guilty plea, the court proceeded immediately to sentencing. Reynolds informed the court that although she had been employed as the administrative officer in Mayor Bibb's Office of Capital Projects for 14 years, she was suspended without pay as a result of the criminal charges, and it was not clear whether she could return to that position. (Tr. 20-21 and 25.) The suspension of her employment created a financial hardship, and Reynolds withdrew funds she had saved in the Ohio Public Employees Retirement System ("OPERS") to cover her expenses. (Tr. 25.) During the plea hearing, Reynolds informed the court that she had an associate's degree from Tri-C and that she had been working toward a bachelor's degree in public administration at Cleveland State University. (Tr. 9.) However, as a result of the criminal charge against her and subsequent loss of her employment, Reynolds did not reenroll in the current semester. (Tr. 10.)

{¶ 6} Defense counsel advised that on the night of the incident, Reynolds confronted M.D. because his cousin allegedly assaulted Reynolds's daughter. According to defense counsel, M.D. is "a former MMA fighter" who is approximately 6′2″ and weighs 230 pounds. M.D. not only pinned Reynolds against the car, but he also caused her injuries that necessitated a visit to the emergency room. (Tr. 23 and 26.) Defense counsel further noted that Reynolds, who was 46 years old, had

no prior record of felonies or misdemeanors of any kind. (Tr. 20.) Finally, defense counsel produced several letters from Reynolds's work colleagues, who described her as having "excellent character and excellent work." (Tr. 21.)

{¶ 7} The State conceded that it substantially reduced Reynolds's charge based on the surveillance-video evidence. It argued, however, that it did not completely dismiss the charge because Reynolds approached the victim and "started the altercation to begin with." (Tr. 28.) According to the prosecutor, Reynolds approached the victim who was in his vehicle, the victim did not use deadly force, and Reynolds initially lied about having fired the weapon. (Tr. 29.)

{¶ 8} The court sentenced Reynolds to a three-year term of community-control sanctions, with six days of jail-time credit. The community-control conditions required Reynolds to perform 100 hours of community service, obtain and maintain employment, and complete an anger-management and concealed carry CCW program. The conditions also required Reynolds to resume her studies at Cleveland State University and to graduate on schedule. The court advised Reynolds that any violation of the conditions could result in a 30-day jail term and a $250 fine. (Tr. 36.)

{¶ 9} Reynolds's trial counsel objected to the three-year term of community control. (Tr. 36-38.) Counsel argued that a three-year term of community control was excessive for a single fourth-degree misdemeanor, particularly since Reynolds was the real victim in the case. The trial court was not persuaded by counsel's

argument, and it did not change the sentence. Reynolds now appeals the trial court's judgment.

## II. Law and Analysis

{¶ 10} In the sole assignment of error, Reynolds argues the trial court's imposition of a community-control condition requiring her to resume her studies at Cleveland State University and to graduate on schedule is an abuse of discretion. Reynolds further argues that her trial counsel's failure to object to this community-control condition constitutes ineffective assistance of counsel.

{¶ 11} To establish ineffective assistance of counsel, the defendant must demonstrate that counsel's performance fell below an objective standard of reasonable representation and that he or she was prejudiced by that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). To establish prejudice, the defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

{¶ 12} Trial courts have broad discretion when sentencing a defendant on a misdemeanor conviction. *Cleveland v. Boyd*, 2023-Ohio-459, ¶ 9 (8th Dist.). We, therefore, will not disturb the trial court's sentence absent an abuse of discretion. *Id.* An abuse of discretion occurs when a court exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority. *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

{¶ 13} A trial court is authorized to impose a sentence of community-control sanctions on misdemeanor convictions pursuant to R.C. 2929.27(A). R.C. 2929.27(C) instructs that in addition to the sanctions listed in R.C. 2929.27(A), a court "may impose any other sanction that is intended to discourage the offender . . . from committing a similar offense if the sanction is reasonably related to the overriding purposes and principles of misdemeanor sentencing." The overriding purposes of misdemeanor sentencing are "'to protect the public from future crime by the offender and others and to punish the offender.'" *Lakewood v. Dobra*, 2018-Ohio-960, ¶ 9 (8th Dist.), quoting R.C. 2929.21.

{¶ 14} R.C. 2929.22(B) enumerates factors the trial court must consider in misdemeanor sentencing, and failure to consider these factors constitutes an abuse of discretion. *Dobra* at ¶ 10, citing *Maple Hts. v. Sweeney*, 2005-Ohio-2820, ¶ 7 (8th Dist.). Nevertheless, "the trial court is not required to make factual findings on the record related to these factors." *Dobra* at ¶ 10, citing *Sweeney* at ¶ 7. So long as the misdemeanor sentence is within the statutory limits, the trial court is presumed to have considered the required factors enumerated in R.C. 2929.22 absent a showing to the contrary by the defendant. *Dobra* at ¶ 10, citing *Sweeney* at ¶ 7.

{¶ 15} In *State v. Jones*, 49 Ohio St.3d 51, 53 (1990), the Ohio Supreme Court held that in determining whether community-control conditions reasonably relate to the goals of misdemeanor sentencing, courts should consider whether the condition is (1) reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to

conduct that is criminal or reasonably related to future criminality and serves the statutory ends of probation. "All three prongs of the *Jones* test must be satisfied for the reviewing court to find that the trial court did not abuse its discretion." *Mahon* at ¶ 8, citing *State v. White*, 2015-Ohio-3844, ¶ 10 (10th Dist.). Furthermore, the conditions "'cannot be overly broad so as to unnecessarily impinge upon the [offender's] liberty.'" *State v. Talty*, 2004-Ohio-4888, ¶ 13, quoting *Jones* at 52.

{¶ 16} The Ohio General Assembly revised the misdemeanor-sentencing statutes after *Jones* was decided and enumerated a list of residential, nonresidential, and financial sanctions that courts may impose. *State v. Ballish*, 2026-Ohio-503, ¶ 15. In *Ballish*, the Court held that the *Jones* test does not apply to these statutorily enumerated conditions. *Id*. at ¶ 24. An appellate court must instead review the imposition of these statutorily enumerated conditions for an abuse of discretion, keeping in mind that the sanctions must be "'[i]n the interests of doing justice, rehabilitating the offender, and ensuring the offender's good behavior.'" *Id*. at ¶ 15, quoting R.C. 2929.25(C)(2).

{¶ 17} R.C. 2929.27(A) provides a nonexhaustive list of nonresidential sanctions a trial court may impose as part of a criminal sentence. R.C. 2929.27(A)(11) allows a trial court to require "that the offender obtain education or training[.]" R.C. 2929.01(M) defines the phrase "education or training" to include "study at, or in conjunction with a program offered by, a university, college, or technical college or vocational study and also includes the completion of primary school, secondary school, and literacy curricula or their equivalent."

Therefore, a condition requiring education at a university such as Cleveland State University is authorized by law provided the condition is not imposed in an abuse of discretion. *Ballish* at ¶ 24.

{¶ 18} Even if a sanction is statutorily authorized, the imposition of the sanction constitutes an abuse of discretion if it is imposed on a defendant who cannot realistically comply with it. Community-control conditions must be reasonably related to the goals of community control, namely "'rehabilitation, administering justice, and ensuring good behavior.'" *Mahon*, 2018-Ohio-295, at ¶ 7 (8th Dist.), quoting *State v. Talty*, 2004-Ohio-4888, at ¶ 16.

{¶ 19} Reynolds informed the court that she had lost her job in the Mayor's Office and that she was forced to liquidate her OPERS savings to pay her living expenses. (Tr. 25.) Reynolds also advised the court that she was providing for her children. (Tr. 25.) Although Reynolds was seeking other jobs and sources of income, she had not yet found employment at the time of sentencing that could cover all of her living expenses, including those of her children, and the cost of college tuition. The trial court imposed a condition that the record demonstrated was likely impossible — or at minimum impractical — for Reynolds to satisfy. Because successful compliance was likely unattainable, the condition could not further rehabilitation, ensure good behavior, or reduce future criminality. To the contrary, the condition would operate as a predetermined basis for future violation proceedings, which is the opposite of ensuring good behavior.

{¶ 20} Imposing a statutorily authorized sanction under circumstances in which compliance is impossible is unreasonable and arbitrary and, therefore, constitutes an abuse of discretion under *Ballish*. Had counsel explained to the court the likelihood that Reynolds would not be able to comply with the condition, the trial court would likely not have imposed it.

{¶ 21} Therefore, the sole assignment of error is sustained.

{¶ 22} The trial court's judgment is affirmed in part and vacated in part. The community-control sanction requiring Reynolds to resume her college education at Cleveland State University and to graduate on time is vacated. All other aspects of Reynolds's sentence remain in effect.

It is ordered that appellee and appellant share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EILEEN T. GALLAGHER, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
EILEEN A. GALLAGHER, J., CONCUR